# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY L. McGOWAN, JR., | ) |
| Petitioner, | ) |
| vs. | ) CASE NO. 3:10-0365 |
| | ) JUDGE CAMPBELL/KNOWLES |
| DAVID OSBOURNE, WARDEN, | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court upon "Petitioner's Motion to Renew Docket Entry #23 for a Ruling by the Court." Docket No. 50. Respondent has not filed a Response to the Motion.

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Docket No. 1. Several months after the filing of the Petition, Petitioner submitted a "Motion for the Appointment of Counsel in Order to File a Traverse and an Amended Petition." Docket No. 23. That Motion was filed pursuant to 18 U.S.C. § 3006A(a)(2)(B). Prior to a ruling on that Motion, Petitioner filed a "Motion to Stay Proceedings in Abeyance in Order to Return to State Court on an Extraordinary Appeal." Docket No. 28. Judge Campbell granted that Motion, administratively closed this case, and denied any pending Motions as moot. Docket No. 41. Petitioner subsequently moved to reopen the case and reinstate prior pending Motions. Docket No. 44. Judge Campbell then entered an Order granting that Motion and stating in relevant part, "The petitioner is free to renew any Motions that may have been pending at the time that this action was administratively closed." Docket No. 45, p. 2. Thus, Petitioner has filed the instant Motion

to Renew his previous Motion for the Appointment of Counsel.

For the foregoing reasons, the instant Motion to Renew (Docket No. 50) is GRANTED.

In considering the Motion to Appoint Counsel, however, the Court notes that Rule 8(c) of the "Rules Governing Section 2254 Cases in the United States District Courts" provides in relevant part, "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

The Court is not required to appoint counsel before determining whether an evidentiary hearing is required. In the instant case, the Court has not yet made a determination on that issue. Thus, Petitioner's Motion to Appoint Counsel is premature, and it is DENIED, without prejudice to being refiled if and as appropriate.

IT IS SO ORDERED.

E. Clifton Knowles
United States Magistrate Judge