UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | | |
|---|---|---|
| JOHNNY L. McGOWAN, JR. | ] | |
|     Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:10-0365 |
| | ] | Judge Sharp/Knowles |
| WARDEN DAVID OSBOURNE | ] | |
|     Respondent. | ] | |

**To: Honorable Kevin H. Sharp, District Judge**


### R E P O R T  A N D  R E C O M M E N D A T I O N

By an order (Docket Entry No.24) entered July 28, 2010, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Local Rule 72.01(d)."

Presently before the Court are respondent's Answer (Docket Entry No.49) to the petitioner's petition (Docket Entry No.1) for writ of habeas corpus, and the petitioner's "Motion to Vacate Recent Order and Appoint Counsel for Filing a Traverse" (Docket Entry No.54).

### I. Background

The petitioner, proceeding *pro se*, is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Osbourne, Warden

1

of the facility, seeking a writ of habeas corpus.

On September 23, 2005, the petitioner pled guilty in the Criminal Court of Davidson County to one count of aggravated assault. For this crime, he received a sentence of eight years in prison with parole eligibility at 45% of the sentence, to run consecutive to a twenty (20) year sentence the petitioner was already serving for aggravated arson. Docket Entry No.21-1.

Having pled guilty, there was no direct appeal of the conviction taken by the petitioner. Instead, he filed a *pro se* petition for writ of habeas corpus in the Criminal Court of Morgan County. Docket Entry No.21-15. The trial court summarily denied the petitioner habeas corpus relief. Docket Entry No.21-16.

While an appeal of this ruling was pending, the petitioner filed a *pro se* petition for writ of error coram nobis in the Davidson County Criminal Court, alleging the existence of newly discovered evidence that would place his conviction in doubt.[1] That petition was summarily denied as time-barred. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of the writ. Docket Entry No.21-10. The Tennessee Supreme Court then rejected the petitioner's application for further review. Docket Entry No.21-12.

---

[1] The newly discovered evidence allegedly shows that a prosecution witness (Jason Woodall) deliberately perjured himself while giving testimony to the Davidson County Grand Jury. Docket Entry No.21-8 at pg.8.

On October 20, 2009, the Tennessee Court of Criminal Appeals affirmed the denial of state habeas corpus relief. Docket Entry No.21-5. The Tennessee Supreme Court later denied petitioner's application for additional review. Docket Entry No.21-7.

## II. Procedural History

On March 18, 2010, the petitioner filed the instant *pro se* petition (Docket Entry No.1) for federal habeas corpus relief. The petition sets forth two claims which are essentially identical, i.e., that the trial court denied the petitioner due process of law by imposing upon him a sentence that failed to comply with the governing Tennessee criminal sentencing statutes.

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.7) entered April 26, 2010, the respondent was directed to file an answer, plead or otherwise respond to the petition.

The respondent complied with this order by filing an Answer (Docket Entry No.21) to the petition. The case was referred to the undersigned for further proceedings. Docket Entry No.24.

Shortly after the case was referred to the undersigned, the petitioner filed a Motion (Docket Entry No.28) to hold proceedings in abeyance to allow the petitioner an opportunity to pursue an extraordinary appeal in state court. The Motion was granted and the case was administratively closed, subject to being reopened upon

motion of either party. Docket Entry No.41.

In January, 2011, the petitioner filed a Motion (Docket Entry No.44) to reopen the case. The Motion was granted and the case was reopened. Docket Entry No.45. The respondent was again directed to file an answer, plead or otherwise respond to the petition.

Presently pending before the Court is the respondent's second Answer (Docket Entry No.49) to the petition, to which the petitioner has offered no reply. Having carefully considered this pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. Analysis of the Claim

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1)(A); Hamm v. Saffle, 300 F.3d 1213,1216 (6th Cir.2002). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671,1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the

petitioner's claim must have been fairly presented to the state courts. Rhines v. Weber, 544 U.S. 269,274 (2005). Once the petitioner's federal claim has been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider it. O'Sullivan v. Boerckel, 526 U.S. 838,842 (1999).[2]

The petitioner's sole claim is that the trial court imposed upon him a sentence that did not conform with the state criminal sentencing statutes. This claim was raised in the state courts during the petitioner's habeas corpus proceedings and was exhausted as a question of state rather than federal law. *See* Docket Entry No.21-3. Federal habeas corpus relief is only available to remedy violations of federal law. 28 U.S.C. § 2254(a). The state courts were never offered the opportunity to determine whether the petitioner had been sentenced in violation of the Constitution.

To properly satisfy the exhaustion requirement, a federal claim must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). The petitioner has failed to present his sentencing claim to the state courts as a violation of federal law. At this late date, however, it appears that state court remedies for his

---

[2] In Tennessee, a petitioner need only take his claim to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Adams v. Holland, 324 F.3d 838 (6th Cir.2003).

federal claim is no longer available. Tenn. Code Ann. § 40-30-102(a) and (c). Thus, by way of his procedural default, the petitioner has technically met the exhaustion requirement with respect to his claim. Alley v. Bell, 307 F.3d 380,385 (6th Cir.2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the

6

defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

In this regard, the petitioner has shown neither cause for his failure to raise his federal claim in the state courts nor any prejudice arising from it.[3] Therefore, his procedural default of this claim is unexcused and will not support an award of habeas corpus relief.

### R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds that the petitioner has procedurally defaulted on his state court remedies. Accordingly, it is respectfully RECOMMENDED that the Court deny the petitioner's application (Docket Entry No.1) for writ of habeas corpus and dismiss the instant action.

Should the Court adopt and approve of this recommendation, it

---

[3] In his prayer for relief, the petitioner asks the Court to vacate the guilty plea and order his immediate release from custody. Docket Entry No.1 at pg.15. However, the petitioner is not questioning the legality of his conviction. Rather, he is attacking the validity of his sentence. The proper remedy for such a claim would be for the trial court to reimpose the proper sentence upon the petitioner. Ironically, by the petitioner's own admission, he should have received a sentence that would have increased the time served before he becomes eligible for parole consideration. Docket Entry No.21-3 at pg.11. Thus, no prejudice is evident.

is further RECOMMENDED that the petitioner's pending "Motion to Vacate Recent Order and Appoint Counsel for Filing a Traverse" (Docket Entry No.54) be denied as moot.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_____
E. Clifton Knowles
United States Magistrate Judge