**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHNNY L. McGOWAN, JR.** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:10-365** |
| | ) | **Judge Sharp** |
| **WARDEN DAVID OSBURNE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**<u>ORDER</u>**

The Magistrate Judge has issued a Report and Recommendation (Docket No. 61) in which he recommends the Court (1) deny Petitioner's application for Writ of Habeas Corpus, and (2) deny as moot Petitioner's "Motion to Vacate Recent Order [Denying Counsel] and Appoint Counsel for Filing a Traverse" (Docket No. 54). Petitioner has filed Objections (Docket No. 65) to the R & R.

Under Rule 72 of the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Having undertaken that review, the Court will accept the R & R, overrule Petitioner's objections thereto, and dismiss this case.

In the R & R, the Magistrate Judge found that Petitioner's claim that the trial court imposed a sentence that did not conform with the state criminal sentencing statutes was presented to the state habeas courts as a question of state, rather than federal law and, therefore, Petitioner had not exhausted his federal constitutional claims for purposes of habeas review. Nevertheless, the Magistrate Judge also recognized that a habeas petitioner can technically meet the exhaustion requirement by virtue of procedural default, <u>see</u>, <u>Alley v. Bell</u>, 307 F.3d 380, 386 (6th Cir. 2002), and

1

observed that, in such circumstances, a petitioner must show cause for noncompliance with the exhaustion rules, and actual prejudice resulting from the alleged constitutional deprivation. The Magistrate Judge ultimately concluded Petitioner did not show cause for his failure to raise the federal claims in the state courts or establish actual prejudice, since, "by the petitioner's own admission, he should have received a sentence that would have increased the time served before he becomes eligible for parole consideration." (Docket No. 61 at 7 & n.3).

In his Objections, Petitioner does not quarrel the Magistrate Judge's recitation of the applicable law, but argues about its application to the facts in this case. Petitioner claims he "has presented his claim to the state habeas court and the Tennessee Court of Criminal Appeals," and "[t]hus, his issues have been exhausted." (Docket No. 65 at 3).

While Petitioner presented his sentencing issue to the state court, he did so as state, not federal claims. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Rather, the claim must be presented to the state courts in such a manner that the court can be expected to address its merits. See, Baldwin v. Reese, 541 U.S. 27, 32 (2004).

This conclusion remains even though Petitioner attaches to his Objections a copy of his "Application for Extraordinary Appeal Pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure" that he filed with the Tennessee Court of Criminal Appeals. In the Application, Petitioner argued his "sentence was an illegally lenient one in direct violation of state law," claimed that "under the Criminal Sentencing Reform Act of 1989 applicant was to receive a much more harsher sentence than (8) eight years," and contended that the failure to follow the sentencing laws "violated Applicant's (14th) Fourteenth Amendment rights to due process of law under the United

2

States Constitution." (Docket No. 65-1 at 4, 6 & 7). However, the Application was filed at some point in August 2010, long after the one year limitation period for filing petitions for post-conviction relief under Tenn. Code Ann. § 40-30-102 expired. Petitioner has not shown that he exhausted his state remedies.

Petitioner next argues that he has shown actual prejudice because a witness allegedly committed "aggravated perjury before the Davidson County Grand Jury" which returned the indictment against Petitioner. (Docket No. 65 at 3). Even assuming that Petitioner has not waived his alleged grand jury witness misconduct claim by virtue of his guilty plea, see, Tollett v. Henderson, 411 U.S. 258, 266-67 (1973), any such misconduct claim is not properly before the Court.

Rule 2 of the Rules Governing Habeas Cases provides that the "petition must (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" 28 U.S.C. § 2254, Rule 2(c). Thus, "[t]he § 2254 Rules . . . mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)," and the Supreme Court has observed, '[h]abeas corpus petitions must meet the heightened pleading requirements' under Rule 2." Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011) (quoting, McFarland v. Scott, 512 U.S. 849, 856 (1994)).

Here, Petitioner presents only two grounds in his habeas petition, both of which relate to the length of his sentence, not the validity of his underlying conviction. In Ground One, Petitioner alleges a "Denial of Due Process of Law due to illegal sentence issued in violation of statutes." (Docket No. 1 at 5). Similarly, in Ground Two, Petitioner alleges the "denial of Due Process of Law," claiming that the "trial court "ignored mandatory sentencing laws[.]" (Id).

3

As for any claim that Petitioner was actually prejudiced as a result of the sentence he received, the same must be rejected because Petitioner concedes that his sentence was lower than anticipated, and was allegedly lower than that required by law.

Where a district court denies the merits of a claim in a habeas corpus action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), with the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could conclude the Court is wrong in concluding that Petitioner failed to exhaust his present claims and failed to show cause and actual prejudice for his procedural default.

Finally the Magistrate Judge did not err in recommending denial of Petitioner's request for the appointment of counsel. The Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); see also, Murray v. Giarratano, 492 U.S. 1, 7-8 (1989). The appointment of counsel is mandated under the Rules Governing Habeas Proceedings only when the Court determines that an evidentiary hearing is warranted, 28 U.S.C. § 2254, Rule 8(c), but no evidentiary hearing is warranted in this case because the record before the Court establishes that Petitioner is not entitled to habeas relief.

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 61) is hereby ACCEPTED and APPROVED;

(2) Petitioner's Objections to the R & R (Docket No. 65) are hereby OVERRULED;

(3) Petitioner's Motion to Vacate Recent Order [Denying Counsel] and Appoint Counsel for

4

Filing a Traverse" (Docket No. 54) is hereby DENIED; and

(4) A Certificate of Appealability will not issue.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

It is so ORDERED.

_____
KEVIN H. SHARP
UNITED    STATES    DISTRICT    JUDGE